STATE OF CONNECTICUT v. THEODORE M. RODGERS

REVIEW DIVISION OF THE SUPERIOR COURT

Decided November 28, 1961

*Theodore M. Rodgers,* the defendant, pro se.

*Joel H. Reed II,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-seven, pleaded guilty to the charge of assault with intent to commit murder and was sentenced to the state prison for a term of not less than eight nor more than twelve years. The penalty provided for this crime is imprisonment for not more than thirty years.

On January 15, 1961, at about 1:40 a.m., the defendant, armed with a 22-caliber repeating rifle, waited in the darkened kitchen of the home of one Marshall Fowlkes in Vernon and, when Fowlkes entered the kitchen, fired two bullets into his body from a distance of approximately ten feet, wounding him in the right side and back. When Fowlkes managed to escape, the defendant pursued him. It appeared that defendant had learned on the previous day, January 14, of an altercation that had occurred involving Fowlkes, Fowlkes' wife, Dorothy, and one Laura Smith, and that, having lived at various times with both of these woman, the defendant became so enraged that he drove from Hartford to Vernon with a rifle in his car to deliberately ambush Fowlkes and wreak his vengeance upon him. Only because his bullets missed his victim's vital organs was the accused facing this charge rather than that of murder.

The defendant's record includes convictions for grand larceny and carrying a concealed weapon, and he was released from the state reformatory at LaGrange, Kentucky, in January, 1957. In addition to his involvements with his victim's wife, Dorothy Fowlkes, and Laura Smith, he was found to be living with still another woman, one Muriel Hurley, at the time of his arrest—despite the fact that he has a wife and three children in Kentucky.

The deliberate, cold-blooded course of conduct of this defendant presents the classic case of "lying-in-wait" to kill, and any consideration that he was entitled to receive must certainly have been weighed by the state's attorney when, after considerable thought and deliberation, he recommended a sentence of nine to twelve years. The lesser sentence imposed by the court was not merited, because of the factual circumstance discussed above, the wounding of the defendant's victim and the defendant's record.

It is ordered that the defendant be sentenced to the state prison for a term of not less than nine nor more than twelve years.

COVELLO, HEALEY and MACDONALD, Js., participated in this decision.